■ CHARLES UNANUE, Respondent, v. GOYA FOODS, INC., et al., Appellants.— Order entered September 25, 1969, denying defendants' motion for summary judgment unanimously reversed on the law, with $50 costs and disbursements to appellants, motion granted and complaint dismissed, without prejudice to the right of plaintiff to move at Special Term for leave to serve a supplemental complaint. The complaint sought to restrain permanently the holding of shareholders' meetings of the respective defendant corporations. Temporary restraint was denied and the meetings have been held. It follows that the issues presented by the pleading have become moot. The relief, if any, plaintiff may be entitled to receive, should be sought by way of a supplemental complaint. Concur — McGivern, J. P., Markewich, Steuer and Bastow, JJ.

■ In the Matter of WILLIAM A. BAUMGARTNER, Petitioner, v. HOWARD R. LEARY, as Commissioner of Police of the City of New York, et al., Respondents. — Determination of the Police Commissioner dated August 29, 1968, dismissing petitioner from the Police Department unanimously annulled, on the law and the facts, to the extent only of dismissing the first specification of the charges against petitioner, and otherwise confirmed, without costs and without disbursements. The first specification, which charged the fatal shooting of petitioner's friend "wilfully, wrongfully and without just cause," was sustained by the hearing commissioner on the sole basis of the statements made by petitioner — the only witness to the shooting itself — to the Grand Jury and during departmental investigation. At petitioner's request, these records constituted the evidence at the hearing. Petitioner's statements were, of course, self-exculpatory, and the Grand Jury voted no bill, apparently accepting petitioner's version that an accidental shooting had occurred. In these circumstances, it is at least highly doubtful that a finding of willful shooting would be justified. When it is considered in addition, however, that petitioner's wife had just left him after a confrontation highly implicatory of sexual infidelity with his friend, they do sustain a finding that, by loading his service revolver and holding it in his hand during the subsequent highly emotional altercation with decedent, petitioner " did fail and neglect to properly safeguard his service revolver ". Petitioner's complete disregard of basic precautions in handling a revolver " directly reflected on petitioner's ability to completely discharge his everyday duties as a policemen entrusted with firearms." (*Matter of Semerad* v. *City of Schenectady*, 27 A D 2d 673, 674.) Thus, the penalty of separation from the service is justified. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.